UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GARY D. PEOPLES,

                    Petitioner,

      vs.

WARDEN,

                    Respondent.

CASE NO. CV 16-2123-SVW (AGR)

ORDER TO SHOW CAUSE

The Court issues this Order To Show Cause directed to Petitioner because the face of the petition suggests that his challenge to his 2010 conviction may be time-barred.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period commences on the date a petitioner's conviction became final. *Id.*

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the statute also is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 634 (2010).

Petitioner filed the current petition on March 29, 2016. From the face of the petition and from judicially-noticeable materials, the Court discerns as follows:

(a)   On October 1, 2009, a Los Angeles County Superior Court jury convicted Petitioner of robbery and other crimes.  On July 17, 2010, due in part to his prior criminal record, he was sentenced to prison for 15 years.  (Petition at 2.)

(b)   Petitioner appealed, arguing that the trial court denied his right to be tried in civilian clothing.  On June 12, 2012, the California Court of Appeal agreed that the trial court erred but nonetheless affirmed, with minor sentencing modifications not relevant here, "because the evidence of his guilt is overwhelming."  *See People v. Peoples*, No. B226204, 2012 WL 2115302, *1 (Cal. Ct. App. 2d Dist).  The California Supreme Court denied his petition for further direct review on August 22, 2012.  *See* docket in Cal. Supreme Ct. case no. S204162, *available at* http://appellatecases.courtinfo.ca.gov/search/ case/mainCaseScreen.cfm?dist=0&doc_id=2020202&doc_no=S204162.

(c)   Petitioner does not appear to have sought certiorari in the United States Supreme Court.  Petitioner's conviction thus became final after the Supreme Court's 90-day period for doing seeking certiorari expired, on November 20, 2012.  *See Bowen v. Roe* , 188 F.3d 1157, 1159 (9th Cir. 1999); Sup. Ct. R. 13.1 (generally allowing 90 days to file petition for certiorari).  Petitioner's one-year AEDPA limitations period for commencing this action began to run at that time.

(d)   In the following year, Petitioner does not appear to have had any pending challenges to his conviction or sentence.  His one-year AEDPA limitations period thus appears to have expired after November 20, 2013.

(e)   Over three months thereafter, on February 4, 2014, Petitioner filed a habeas petition in the trial court, which denied relief on March 10, 2014.  (Petition at 3-4, 16.)  He filed another petition there on March 30, 2015, but the court denied that petition on April 6, 2015.  (Petition at 17-18 (denial order signed April 6 and filed April 7).)

1    (f)    On August 4, 2015, Petitioner filed a habeas petition in the California Court of

2           Appeal, which denied relief eight days later on August 12, 2015.  *See* docket in

3           *In re Peoples*, Cal. Ct. App. 2d Div. case no. B265871, *available at*

4           http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?

5           dist=2&doc_id=2116436&doc_no=B265871.

6    (g)    On September 21, 2015, Petitioner filed a habeas petition in the California

7           Supreme Court, which denied relief on December 16, 2015.  *See* docket in *In re*

8           *Peoples*, Cal. Supreme Ct. case no. S229420, *available at*

9           http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=

10         2120781&doc_no=S229420.

11   (h)    Petitioner purports to have signed the current Petition on February 14, 2016.

12                                    * * * * *

13        This action is time-barred unless equitable tolling applies.  Absent such tolling,

14 the action became stale after November 22, 2013.  Petitioner's commencement of

15 state habeas challenges thereafter did not rejuvenate his already-stale claims.  *See*

16 *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

17        "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has

18 been pursuing his rights diligently, and (2) that some extraordinary circumstance stood

19 in his way' and prevented timely filing."  *Holland, supra,* 560 U.S. at 649 (quoting *Pace*

20 *v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  "The diligence required for equitable

21 tolling purposes is "reasonable  diligence," not "maximum feasible diligence."  *Id.* at

22 653 (citations and quotation marks omitted).  The extraordinary circumstances must

23 have been the cause of an untimely filing.  *Pace*, 544 U.S. at 418.  "[E]quitable tolling

24 is available for this reason only when "'extraordinary circumstances beyond a

25 prisoner's control make it *impossible* to file a petition on time'" and "'the extraordinary

26 circumstances" were the *cause* of [the prisoner's] untimeliness.'"  *Bills v. Clark*, 628

27 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).  There is no

28 indication in the petition that Petitioner is entitled to equitable tolling.

**Accordingly, Petitioner shall show cause in writing why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than May 4, 2016.**

**If Petitioner does not file a response within the time allowed, the petition may be dismissed for untimeliness and/or for failure to prosecute.**

IT IS SO ORDERED.

DATED: April 5, 2016

_____
ALICIA G. ROSENBERG
United States Magistrate Judge